UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JIMMIE LEE CRAIG,**         Civil Action 2:25-cv-0064
                              Judge Edmund A. Sargus, Jr.
**Plaintiff,**                Magistrate Judge Elizabeth P. Deavers

v.

**JUDGE MICHAEL J. HOLBROOK,**
*et al.,*

**Defendants.**

### ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Jimmie Lee Craig, an Ohio resident who is proceeding without the assistance of counsel, moves this court for leave to proceed *in forma pauperis*. (ECF No. 1.)  Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

A point of clarification.  In the caption of his *in forma pauperis* application, Plaintiff includes Ms. Amber Kay Pritchett-Craig as a plaintiff.  (ECF No. 1.)  Ms. Craig did not sign the application.  The form Complaint also identifies Amber Pritchett Wagner-Craig as a party but not in the caption.  Ms. Craig also did not sign the Complaint.  (ECF No. 1-1.)  Accordingly, the Court does not consider Ms. Craig to be a plaintiff in this action.  In order to proceed here as a plaintiff, Ms. Craig would have needed both to submit her own signed application to proceed *in forma pauperis* and to have signed the Complaint on her own behalf.  Mr. Craig, as a party proceeding pro se, cannot represent or appear on behalf of Ms. Craig.  *Khatri v. Dearborn Pub. Sch.*, No. 4:23-CV-12930, 2024 WL 3625313, at *3 (E.D. Mich. July 31, 2024*), report and recommendation adopted*, No. 23-12930, 2024 WL 3908981 (E.D. Mich. Aug. 22, 2024).

This matter is before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action in its entirety.

### I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*     \*     \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

---

[1] Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court

holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff names the following Defendants in the caption of his form Complaint:

the State of Ohio Judge Micheal J. Holbrook Sheriff Earl Smith Judge Carl Aveni Clerk of Courts Mary Ellen O'Shaunassy Prosecutor Gary Tyack Alvis House Denise M. Robinson Police dept. Andrew Ginther Police Chief Elain Bryant Gov. Mike Dewine, Sheriffs Deputy Earl Smith.

(ECF No. 1-1 at 1.)[1]

His Complaint includes the following Statement of Claim, set forth here verbatim:

This is an conspiracy for 4 years of oppression that stims from an unlawful imprisonment The Constitution of Ohio and the U.S, Constitution Guarantees the right to protect life and security of my disabled wife. To use administrative procedure to violate the Constitution is treason

Me and my family have sufferd 4 year of administrative validation for the purpose to committee treason and conspiracy.

The person named in the complaint are deemed to know the law which is the Constitution. They used a code to violate the law. Tampering with evidence without a crime being committed is a false charge that was concocted to fit "colorable" that Administative procedures used to deny the rights guaranteed by the Constitution the right to safet and security to protection of life, and not be conspired against. 7

---

[1] In addition to these named Defendants, in the caption of his application to proceed *in forma pauperis*, Plaintiff also names the City of Columbus and the Franklin County Court of Common Pleas as Defendants. (ECF No. 1.) He also has submitted summons and U.S. Marshal forms for Warden Shelbie Smith, Assistant Prosecuting Attorney Kimberly M. Bond, Attorney Todd W. Barstow, Chief Probation Officer Dan Wunderlich, Ashley Harrington, Warden Jossette Okereke, Courtney C. Sackett, Prosecutor Simon Huhn, Officer Nigeria Chatman, and Megan Eaton. (ECF No. 2.) The Court's docket sheet also includes as Defendants Linda Janes, Ramona Wheeler, and Rachel Calloway.

4

> million dollars in relief from all oppression from this violation and compensation for leaving my totally disable wife in Florida destitute where she nearly lost her life. The death of my mother and not being there. The death of my animals. Unlawful imprisonment, an Consperacy

(*Id*. at 3.)

With respect to the relief he seeks, Plaintiff sets forth the following, again restated verbatim:

> I want what is guaranteed by the Constitution. Equal justice and tranquility, safet and security To be able to work and pay my bills. The right to be compensated for loss of time, loss of property, loss of loved ones. To be free from Racketeers influenced and Corrupt Organizations and the Constitutionality of State statutes The charge of tampering with evidence is a colorable conspiracy $7 million dollars for pain and suffering: working for the State of Ohio for free motion to vacate sentence and record exspungment The right to posses and obtain property of 288 Midland Ave. The right to not be trespassed Against by Police or Sheriff. The right to operate in Comerce as a Private Right to my Bonds Security officer STATE Certified O.P.T.C. since 1983

(*Id*. at 4.) Plaintiff submits several other documents, presumably in support of his claims, including a Complaint for Foreclosure filed in the Franklin County Court of Common Pleas, an "Affidavit of Truth," a warrant filed in the Franklin County of Common Pleas charging Plaintiff with escape, and filings that appear to relate to Plaintiff's habeas corpus action in this Court. Based upon this review, the Court construes Plaintiff's Complaint as asserting claims under 42 U.S.C. § 1983 for violations of certain of his constitutional rights.

Plaintiff's allegations fail to state a plausible claim under 42 U.S.C. § 1983. "The Sixth Circuit has held, 'in the context of a civil rights claim, that conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under section 1983. 'Some factual basis for such claims must be set forth in the pleadings.'" *Powell v. Washington,* No. 22-12091, 2023 WL 3874247, at *2 (E.D. Mich. June 7, 2023) (quoting

5

*Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726–27 (6th Cir. 1996) (internal citation omitted)).  Here, Plaintiff sets forth nothing more than vague and conclusory assertions of non-specific abuses apparently flowing from his allegedly unlawful imprisonment.  These allegations are insufficient to state a cognizable constitutional claim.  *Id*.  (citing *Coker v. Summit County Sheriff's Dep't*, 90 F. App'x. 782, 787 (6th Cir. 2003)).

And importantly, Plaintiff has not pled what any of the purported defendants did to violate his constitutional rights. This failure is fatal to Plaintiff's claims. "[A] civil rights plaintiff must plead what each Government-official defendant, through the official's own individual actions, did to violate the Constitution." *Powell*, 2023 WL 3874247, at *2 (citing *Iqbal*, 557 U.S. at 676; *Gardner v. Evans*, 920 F.3d 1038, 1051 (6th Cir. 2019) ("A plaintiff must therefore show how each defendant directly participated in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." (internal quotation marks omitted)).  That is, "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrections Corporation of America*, 92 F. App'x 188, 190 (6th Cir. 2004).

The Court also notes that Plaintiff cites 42 U.S.C.§ 1985 (conspiracy to interfere with civil rights) and § 1986 (action for neglect to prevent) as the basis for his claims.  Construing his claims under these statutes does not yield a different result.  The deficiencies identified above remain and the resulting basis for denial is equally applicable.  Beyond this, to invoke the protection of Section 1985, a plaintiff must show "the conspiracy was motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus[.]'" *Haverstick Enterprises Inc. v. Financial Federal Credit, Inc.,* 32 F.3d 989, 994 (6th Cir.1994) (quoting *United Broth. of*

6

*Carpenters and Joiners of America v. Scott,* 463 U.S. 825, 829 (1983)).[2]  Plaintiff has not alleged any racial or other traditionally cognizable class based discriminatory animus directed to him.  In fact, Plaintiff does not make any allegations at all that conceivably could be construed to support such a claim.  Further, a valid claim can be stated under § 1986 only if the complaint states a valid claim under § 1985.  *Haverstick Enterprises,* 32 F.3d at 994 (citing *Browder v. Tipton,* 630 F.2d 1149, 1155 (6th Cir. 1980)).  Plaintiff, therefore, also fails to state a claim upon which relief can be granted under § 1986.

Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

### III.

For all the foregoing reasons, Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.  Further, it is **RECOMMENDED** that the Complaint be **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.  Should the District Judge adopt this recommendation, this Court further **RECOMMENDS** that the District Judge find that any appeal in this matter by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on appeal *in forma pauperis*.

---

[2] Both the Supreme Court and the Sixth Circuit were specifically referring to the provisions of Section 1985(3), and to the extent Plaintiff intends to rely on the second clause of Section 1985(2) there is no difference as courts generally agree that the second clause of Section 1985(2) carries the same pleading requirement as Section 1985(3). *Sterling v. Trotter*, No. C2-01-528, 2002 WL 484983, at *7 (S.D. Ohio Mar. 27, 2002). (citing *Hahn v. Sargent*, 523 F.2d 461, 469 (1st Cir.1975); *Herrmann v. Moore*, 576 F.2d 453, 457–58 (2nd Cir.1978); *Pravda v. City of Albany, N.Y.*, 956 F. Supp. 174, 180 (N.D.N.Y.1997)("It is well settled that a plaintiff attempting to establish a claim under 42 U.S.C. § 1985(2), clause 2, or § 1985(3), must demonstrate that the defendant under consideration acted with class-based invidiously discriminatory animus")).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and forfeiture of the right to appeal the judgment of the District Court ruling.   Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted))

**Date: January 29, 2025**                    /s/ *Elizabeth A. Preston Deavers*
                                                  **ELIZABETH A. PRESTON DEAVERS**
                                                  **UNITED STATES MAGISTRATE JUDGE**