UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JIMMIE LEE CRAIG,**

      **Plaintiff,**

v.

**JUDGE MICHAEL J. HOLBROOK,** *et al.***,**

      **Defendants.**

Case No. 2:25-cv-64
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiff Jimmie Lee Craig is an Ohio resident proceeding without the assistance of counsel. (Compl., ECF No. 1-1.) He brings a 42 U.S.C. § 1983 claim for violations of his constitutional rights against the following Defendants:

> the State of Ohio Judge Micheal J. Holbrook Sheriff Earl Smith Judge Carl Aveni Clerk of Courts Mary Ellen O'Shaunassy Prosecutor Gary Tyack Alvis House Denise M. Robinson Police dept. Andrew Ginther Police Chief Elaine Bryant Gov. Mike Dewine, Sherrifs Deputy Earl Smith.

(*Id.* PageID 4.) He alleges that he was unlawfully imprisoned and oppressed by Defendants. (*Id.* PageID 6.)

This matter is before the Court on the Order and Report and Recommendation issued by the Magistrate Judge. (Order and R&R, ECF No. 4.) The Magistrate Judge granted Mr. Craig's request to proceed *in forma pauperis* and then conducted an initial screen of the Complaint as required by 28 U.S.C. § 1915(e)(2). (*Id.* PageID 82–83.) After conducting the initial screen, the Magistrate Judge recommended that Mr. Craig's Complaint be dismissed for failure to state a claim on which relief can be granted. (*Id.* PageID 86–88.)

Mr. Craig timely filed an objection to the Order and R&R. (ECF No. 5.) Mr. Craig also filed a document titled "Notice" that alleged that after filing his objection, he was harassed by Columbus Police Officers on a Central Ohio Transportation Authority ("COTA") bus. (ECF No.

6, PageID 93.) He alleges that he was "reported as having a gun on [him]." (*Id.*) The Court construes this Notice as part of his objection.

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Craig's objection summarizes allegations in his Complaint and elaborates on an alleged conspiracy to deprive him of his civil rights. (ECF No. 5.) He states that he is "Indian and the Commander in Chief of [his] tribe," and as such, has a right to represent his tribe against the tyranny of the government. (*Id.* PageID 90.) He restates that his Complaint is "not just against Judge Micheal J. Holbrook for the last 4 years . . . it is against Mike Dewine governor and lead person of the conspiracy." (*Id.* PageID 92.) He alleges that the conspiracy started "20 years ago when we were the residents of 2858 Farwood Ave Columbus, Ohio, and filed a Complaint with the then Attorney General of a state employee who murdered a relative to steal their property." (*Id.*) He reiterates that Defendants violated the Constitution, abused their power under federal law, and that "to dismiss this Complaint is a declaration of war against Choctaw and the Cherokee Citizens of this land." (*Id.* PageID 91.) He adds that the Second Amendment gives him the right to bear arms against any tyrannical government. (*Id.*)

While Mr. Craig's objection provides additional factual allegations, he does not object to the Magistrate Judge's legal analysis or conclusions. Even considering the additional factual allegations raised in his objection, the Court cannot discern the specific abuses that violated his constitutional rights. As the Order and R&R explained, "vague and conclusory allegations of non-specific abuses apparently flowing from his allegedly unlawful imprisonment . . . are insufficient to state a cognizable constitutional claim." (Order and R&R, PageID 87.) Although Mr. Craig

alleges that his relative was purportedly murdered, he does not state with sufficient clarity which state official directly participated in the alleged murder, or how the murder violated Mr. Craig's constitutional rights. *See Gardner v. Evans*, 920 F.3d 1038, 1051 (6th Cir. 2019) ("A plaintiff must therefore show how each defendant directly participated in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself."). And the Court is uncertain how this alleged murder relates to Mr. Craig's allegation that he was unlawfully imprisoned.

Section 1983 claims are personal, and to plausibly allege a § 1983 claim, and thereby a § 1985 or § 1986 claim, Mr. Craig must allege with particularity which state official, acting under color of state law, deprived of him of his constitutional rights. Since he fails to do so, the Court finds no error in the Order and R&R.

The Court has made a de novo review of this record as required by 28 U.S.C. § 638(b) and Rule 72(b). Upon said review, Mr. Craig's objection is **OVERRULED**. (ECF No. 5.) The Order and Report and Recommendation is **ADOPTED** and **AFFIRMED**. (ECF No. 4.) Mr. Craig's Complaint is **DISMISSED** under § 1915(e)(2)(B) for failing to state a claim for relief. The Court **CERTIFIES** that an appeal here would not be taken in good faith, and so Mr. Craig will not be granted leave to proceed *in forma pauperis* on any appeal. *See* 28 U.S.C. § 1915(a)(3).

The Clerk is **DIRECTED** to enter judgment, terminate this case from the Court's docket, and mail a copy of this Opinion and Order to Jimmie Lee Craig at 288 Midland Ave., Columbus, Ohio 43223.

**IT IS SO ORDERED.**

| | |
|---|---|
| **3/31/2025** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |