UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JIMMIE LEE CRAIG,**

    **Plaintiff,**

  v.

**JUDGE MICHAEL J. HOLBROOK,** *et al.*,

    **Defendants.**

**Case No. 2:25-cv-64**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth P. Deavers**

## ORDER

On March 31, 2025, this Court issued an Opinion and Order adopting the Magistrate Judge's Report and Recommendation (ECF No. 4) and overruling Plaintiff Jimmie Lee Craig's objection (ECF No. 5). (ECF No. 7.) The Court then entered judgment and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim for relief. (ECF No. 8.)

Two months later, Mr. Craig, who is proceeding without the assistance of counsel, filed a document titled "Motion 5.1." (ECF No. 9.) The single-page Motion is difficult to discern. He asserts that he was denied access to a hearing in violation of Rule 5.1 and the Fourteenth Amendment. (*Id.* PageID 99.) He then says that "[t]he state[']s silence is unconstitutional. I was jailed without a hearing and do chal[l]eng[e] the process." (*Id.*) The next line in his Motion reads: "process to Rule 60(d) . . . 11.b the silent snare." (*Id.*) He accuses the Court of "judicial misconduct" and of "racketeering between state federal and local governmental authorit[ies]." (*Id.*) Defendants did not respond to the Motion, and the time for doing so has passed. This matter is now ripe for the Court's review.

The Court construes the Motion as brought under Rule 60(b) of the Federal Rules of Civil Procedure for post-judgment relief. In certain limited circumstances, Rule 60(b) permits the Court to relieve a party from a final judgment by reopening the case. Those circumstances include:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). "Relief from a final judgment under Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000) (internal quotations omitted). Whether to grant such extraordinary relief is within the Court's discretion, *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001), and is constrained by the policy favoring the finality of judgments. *CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823 (6th Cir. 2008) (citation omitted).

It is unclear from Mr. Craig's Motion under what grounds he seeks relief from the Court's judgment. Even construing the Motion liberally, as the Court must, Mr. Craig does not argue that a party made an excusable mistake or acted without authority, or that the Court made a substantive

error of law or fact. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (requiring *pro se* filings to be liberally construed); *see also United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (explaining the two situations when Rule 60(b)(1) applies). Nor does Mr. Craig offer newly discovered evidence that is "material and controlling," and "clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (quotation marks and citation omitted).

Rule 60(b)(3) does not apply here either. "Rule 60(b)(3) . . . requires a demonstration by the moving party, supported by clear and convincing evidence, that one or more of the three kinds of misbehavior referred to in the rule occurred." *Lester v. Wow Car. Co.*, 675 F. App'x 588, 591 (6th Cir. 2017) (quotation omitted). Mr. Craig merely alleges—without any support—that there was "judicial misconduct." (ECF No. 9, PageID 99.) This conclusory allegation does not satisfy his burden of showing fraud or misconduct by clear and convincing evidence. He is not entitled to relief under Rule 60(b)(3).

Rule 60(b)(4) and (5) also do not apply, and the catchall provision—Rule 60(b)(6)—is also inapplicable. *See Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (applying the catchall provision only in "unusual and extreme situations where principles of equity *mandate* relief").

Therefore, Mr. Craig has not shown that he is entitled to post-judgment relief and Court finds no reason to reopen his case. Mr. Craig's Motion (ECF No. 9) is **DENIED**. This case remains terminated on the docket.

**IT IS SO ORDERED.**

**7/28/2025**                                        **s/Edmund A. Sargus, Jr.**
**DATE**                                             **EDMUND A. SARGUS, JR.**
                                                     **UNITED STATES DISTRICT JUDGE**